Case 6:23-cv-00169-JDK    Document 2    Filed 04/10/23    Page 1 of 5 PageID #: 23

Served 8 am 3/14 by [handwritten] Investigation

Electronically Submitted
3/8/2023 5:38 PM
Gregg County District Clerk
By: Debbie Kinney, deputy

2023-423-CCL2
CAUSE NO. _____

| | | |
|---|---|---|
| MDM CONTRACTING, INC. DBA CENTEX CONSTRUCTION, *Plaintiff*, | § § § § | IN THE ~~DISTRICT COURT~~ OF COUNTY COURT AT LAW 2 |
| v. | § § | GREGG COUNTY, TEXAS |
| RLI INSURANCE COMPANY, AND MT. HAWLEY INSURANCE COMPANY *Defendants*. | § § § § | _____ ~~JUDICIAL DISTRICT~~ |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff MDM CONTRACTING, INC. DBA CENTEX CONSTRUCTION ("Centex" or "Plaintiff") files this Original Petition against Defendants RLI INSURANCE COMPANY ("RLI") and MT. HAWLEY INSURANCE COMPANY ("Hawley") (collectively, "Defendants").

### A.   DISCOVERY LEVEL

I.   This case shall be governed under a Level 3 discovery plan as defined by the Texas Rules of Civil Procedure.

### B.   PARTIES

2.   Plaintiff MDM CONTRACTING, INC. DBA CENTEX CONSTRUCTION is a Texas Corporation and is properly registered to conduct business in the State of Texas.

3.   Defendant RLI INSURANCE COMPANY is an insurance company registered with the Texas Department of Insurance and doing business in the State of Texas. RLI may be served with process by serving its registered agent for service:

**CORPORATION SERVICE COMPANY**
**CSC-Lawyers Incorporating Service Company**
211 E. 7th Street, Suite 620
Austin, TX 78701

or by serving any director or officer of RLI (wherever he or she may be found) or through the Texas Department of Insurance. **Citation is hereby requested.**

{MDM000/00003/2303756.DOC:2/AAB }

[handwritten: 3/14/23 MM]

4. Defendant MT. HAWLEY INSURANCE COMPANY is an insurance company registered with the Texas Department of Insurance and doing business in the State of Texas. Hawley may be served with process by serving its registered agent for service:

> **CORPORATION SERVICE COMPANY**
> **211 E. 7th Street, Suite 620**
> **Austin, TX 78701-3218**

or, alternatively,

> **CRAIG W. KLIETHERMES, PRESIDENT**
> **9025 N. Lindbergh Drive**
> **Peoria, Illinois 61615**

or by serving any director or officer of Hawley (wherever he or she may be found) or through the Texas Department of Insurance. **Citation is hereby requested.**

### C.   JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court as the amounts in controversy are within this Court's jurisdictional limits. Jurisdiction is also proper because Defendants are actively engaged in business in the State of Texas and are registered with the Texas Department of Insurance.

6. Venue is proper and mandatory in Gregg County, Texas, because the suit involves as all or a substantial part of the events giving rise to this cause of action occurred in Gregg County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

7. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief over $1,000,000. *See* TEX. R. CIV. P. 47.

### D.   FACTS

8. Threshold GC, LP ("Owner") is the developer and owner of 600 Baylor, a residential apartment community. Centex is the General Contractor for 600 Baylor and was performing construction work at the community (the "Project"). Centex provided general labor and contracting as the General Contractor.

9.  Centex purchased a policy from RLI and Hawley for general liability coverage with a $1,000,000.00 per occurrence limit. Centex is a Named Insured protected by the policy.

10. On December 21, 2021, a fire occurred at the Project (the "Loss").

11. On or about December 22, 2021, Centex reported the Loss to Defendants.

12. Subsequently, Owner made a demand on Centex to repair the damages at the Project.

13. Upon information and belief, Defendants' adjuster has had two (2) cause and origin reports prepared regarding the Loss (the "Reports").

14. Despite numerous requests from Centex, Defendants have not provided the Reports to Centex.

15. As of the date of filling, Defendants have not provided a coverage decision to Centex.

16. Defendants have failed to properly investigate the claim and/or provide Centex with a coverage decision.

17. Defendants left Centex to fend for itself and to do what was necessary to protect itself from a lawsuit by Owner.

### E.   CAUSES OF ACTION

18. All facts set forth under paragraphs 8 through 17 are incorporated herein for all purposes.

19. **Breach of Contract.** Centex sues Defendants for breach of contract.

20. Defendants issued a commercial general liability policy # MGL0191305 to Centex (the "Policy"). Centex is named insured under the Policy. The policy limit is one million dollars per occurrence.

21. Defendants have refused to provide coverage, defense, and indemnity pursuant to the Policy to protect Centex from the damages alleged by Owner. Defendants breached their contract with Centex. Centex has been harmed and has suffered damages as a result of RLI's breach.

22. **Declaratory Judgment.** Centex asks this Court to enter a Declaratory Judgment pursuant to an interpretation of the Policy as follows:

a) Defendants owe a duty to defend Centex against the claims by Owner.

b) The damages asserted by Owner fall within the coverage of the Policy.

c) No exclusion applies to the claims.

d) Defendants are obligated to provide coverage to Centex up to and including the full policy limits as provided in the Policy.

e) Defendants breached their contracts with Centex by failing to defend and settle the claims against Centex.

23. **Texas Insurance Code.** Defendants failed to properly investigate and timely respond to reasonable requests submitted by Centex regarding the claim. This failure constitutes a breach of Defendants' duty of good faith and fair dealing to Plaintiff pursuant to the Texas Insurance Code. *See* TEX. INS. CODE §§ 541.060; 542.056.

24. Centex promptly gave notice of its claim but as of the filing of this petition, Centex has still not received a coverage decision from Defendants. Additionally, such conduct is violation of Texas Insurance Code Section 542.003. Defendant had the absolute obligation to either accept the claim or provide a valid basis for denying the claim. Defendants did neither.

25. Defendants' conduct was a producing cause of actual damages suffered by Plaintiff for which Plaintiff sues for economic damages in the past.

26. Defendants acted knowingly in committing these acts and practices. Therefore, Plaintiff seeks the imposition of trebled damages under Section 541.152(b) of the Texas Insurance Code.

27. **Attorney Fees.** Centex is entitled to recover its attorney's fees and costs from Defendants pursuant to Texas Civil Practice and Remedies Code § 38.001, the Declaratory Judgment Act and the Texas Insurance Code.

### F.   NOTICE OF CONDITIONS PRECEDENT

28. All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or have been excused.

### G.   JURY DEMAND

29. Plaintiff demands a jury trial and has paid the jury fee.

### REQUEST FOR RELIEF

Plaintiff, MDM CONTRACTING, INC. DBA CENTEX CONSTRUCTION, requests that Defendants RLI INSURANCE COMPANY and MT. HAWLEY INSURANCE COMPANY be cited to appear, and after a trial of the merits that judgment be entered against Defendant, for all damages incurred as a result of Defendant's egregious misconduct and violation of the law, statutory damages, and attorney's fees, costs of court, pre-judgment and post-judgment interest, and all other damages as the Court deems appropriate.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI, & ZUBER, P.C.

By:   */s/ Murphy Klasing*
MURPHY KLASING
State Bar No. 00791034
mklasing@wkpz.com
ANYA BOLSHAKOV
State Bar No. 24105003
abolshakov@wkpz.com
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
T: (713) 961-9045
F: (713) 961-5341

ATTORNEYS FOR PLAINTIFF